IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 17-283-VAC-CJB<br><br>**DEMAND FOR JURY TRIAL** |

### DEFENDANT CLOUDFLARE, INC.'S ANSWER TO COMPLAINT

Defendant Cloudflare, Inc. ("Cloudflare") files this Answer to Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies' ("Blackbird") Complaint for Patent Infringement (the "Complaint") filed on March 16, 2017 (D.I. 1).[1] All allegations contained in Blackbird's Complaint not expressly admitted or not specifically responded to by Cloudflare are denied.

### THE PARTIES

1. Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies the allegations.

2. Responding to Paragraph 2, Cloudflare admits that it is a Delaware corporation and that it may be served via its registered agent. Cloudflare denies that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

---

[1] This Answer is subject to, and without waiver of, Cloudflare's previously filed Motion to Dismiss, which seeks dismissal of Blackbird's enhanced-damages claim.

### JURISDICTION AND VENUE

3. Responding to Paragraph 3, Cloudflare admits that this lawsuit purports to assert an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code § 100 *et seq.*

4. Responding to Paragraph 4, Cloudflare admits that federal courts, such as this Court, have subject-matter jurisdiction over patent-infringement claims.

5. Responding to Paragraph 5, Cloudflare admits that this Court has personal jurisdiction over Cloudflare. Cloudflare denies that acts by Cloudflare in this District have caused injury to Blackbird, as alleged in Paragraph 5.

6. Responding to Paragraph 6, Cloudflare admits that it has always been incorporated in Delaware.

7. Responding to Paragraph 7, Cloudflare admits that its website is accessible throughout the United States, including in Delaware. Cloudflare does not dispute that it has multiple customers that are organized under Delaware law. Cloudflare admits that Delaware citizens may communicate with Cloudflare servers. Otherwise, Cloudflare denies the allegations contained in Paragraph 7.

8. Responding to Paragraph 8, Cloudflare admits that venue exists in this Court, but Cloudflare contends that venue is more convenient in the United States District Court for the Northern District of California. Cloudflare denies that it has committed acts in this District—or anywhere else—that infringe U.S. Patent No. 6,453,335 (the "'335 patent"), as alleged in Paragraph 8.

### U.S. PATENT NO. 6,453,335

9. Responding to Paragraph 9, Cloudflare admits that the '335 patent is titled, on its

face, "PROVIDING AN INTERNET THIRD PARTY DATA CHANNEL." Cloudflare admits that, on its face, the '335 patent states that it issued on September 17, 2002. Cloudflare further admits that Blackbird has attached what appears to be a true and correct copy of the '335 patent as Exhibit A to its Complaint. Cloudflare is without knowledge or information sufficient to form a belief as to whether Blackbird is the owner by assignment of all right, title, and interest in and to the '335 patent, including all right to recover for any and all infringement thereof, and therefore denies such allegation. Cloudflare denies all other allegations contained in Paragraph 9.

10. Responding to Paragraph 10, Cloudflare denies that the '335 patent represents an improvement to the technologies that make the internet work. Cloudflare is without knowledge or information sufficient to form a belief as to what Blackbird contends was "the time of the invention" and therefore denies all other allegations contained in Paragraph 10.

11. Cloudflare denies the allegations contained in Paragraph 11.

### COUNT I – ALLEGED INFRINGEMENT OF THE '335 PATENT

12. Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth herein.

13. Cloudflare denies the allegations contained in Paragraph 13.

14. Cloudflare denies the allegations contained in Paragraph 14.

15. Responding to Paragraph 15, Cloudflare admits that it maintains multiple servers in the United States. Cloudflare admits that it sometimes refers to certain servers or groups of servers as "points of presence," "POPs," and "edge servers." Cloudflare admits that it caches certain content originally stored on customer servers, and that cached content may be delivered to users. Cloudflare admits that it sometimes refers to certain customer servers as "origin servers." Cloudflare otherwise denies the allegations contained in Paragraph 15.

16. Responding to Paragraph 16, Cloudflare admits that certain user requests are transmitted to Cloudflare's servers. Cloudflare admits that it caches certain content originally stored on customer servers, and that cached content may be delivered to users. Cloudflare admits that its services can reduce the workload of certain origin servers. Cloudflare otherwise denies the allegations contained in Paragraph 16.

17. Cloudflare denies the allegations contained in Paragraph 17.

18. Cloudflare denies the allegations contained in Paragraph 18.

19. Cloudflare denies the allegations contained in Paragraph 19.

20. Responding to Paragraph 20, Cloudflare admits that it provides error-page customization as a service to certain customers. Cloudflare admits that it sometimes refers to customized error webpages as "branded" error webpages. Cloudflare otherwise denies the allegations contained in Paragraph 20.

21. Cloudflare denies the allegations contained in Paragraph 21.

22. Responding to Paragraph 22, Cloudflare admits that it provides error-page customization as a service to certain customers. Cloudflare otherwise denies the allegations contained in Paragraph 22.

23. Cloudflare denies the allegations contained in Paragraph 23.

24. Cloudflare denies the allegations contained in Paragraph 24.

25. Cloudflare denies the allegations contained in Paragraph 25.

26. Cloudflare denies the allegations contained in Paragraph 26.

## BLACKBIRD'S PRAYER FOR RELIEF

27. Subject to and without waiver of Cloudflare's previously filed Motion to Dismiss,

Cloudflare denies that Blackbird is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in Paragraphs A-F of Blackbird's Prayer for Relief.

### BLACKBIRD'S JURY DEMAND

28. Cloudflare admits that Blackbird has purported to demand a trial by jury on all claims and issues so triable.

### DEFENSES

29. Without altering the burden of proof, Cloudflare asserts the following defenses, which are based upon an investigation that is not complete and prior to the opening of fact discovery. Cloudflare's investigation of its defenses is continuing, and Cloudflare reserves the right to assert all defenses under Federal Rule of Civil Procedure 8, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon, among other things, discovery and further investigation in this case.

### FIRST DEFENSE
(FAILURE TO STATE A CLAIM)

30. Blackbird's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(NON-INFRINGEMENT)

31. Cloudflare has not directly or indirectly, literally or under the doctrine of equivalents, infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '335 patent, and is not liable for infringement thereof.

### THIRD DEFENSE
(INVALIDITY)

32. The claims of the '335 patent are invalid and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C.

§§ 101, 102, 103, 112, 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

## FOURTH DEFENSE
(ESTOPPEL, UNCLEAN HANDS, OR WAIVER)

33. Blackbird's claims are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or waiver.

## FIFTH DEFENSE
(LIMITATION ON DAMAGES)

34. Blackbird's claims for relief are limited by 35 U.S.C. §§ 286-287 and/or 28 U.S.C. § 1498.

## SIXTH DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

35. By reason of proceedings in the United States Patent & Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicant or on his behalf, Blackbird is estopped from asserting infringement of the '335 patent against Cloudflare.

## SEVENTH DEFENSE
(DISCLOSURE-DEDICATION)

36. Blackbird's claims are barred to the extent that it has dedicated to the public systems, methods, and/or products disclosed in the '335 patent but not literally claimed therein.

## CLOUDFLARE'S PRAYER FOR RELIEF

37. Cloudflare requests that the Court enter a judgment in Cloudflare's favor as follows:

> A. Dismissing Blackbird's Complaint in its entirety, with prejudice;
>
> B. Finding that Blackbird is not entitled to any relief, whether in law or equity or otherwise, from its suit against Cloudflare;

C. Finding that Cloudflare does not infringe and has not infringed the '335 patent;

D. Finding that the claims of the '335 patent are invalid;

E. Permanently enjoining Blackbird, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '335 patent against Cloudflare or any parents, affiliates, or subsidiaries of Cloudflare or any of their respective officers, agents, employees, successors, and assigns;

F. Finding that this is an exceptional case in Cloudflare's favor pursuant to 35 U.S.C. § 285;

G. Awarding to Cloudflare its costs, expenses, and reasonable attorney's fees, whether pursuant to 35 U.S.C. § 285 or otherwise; and

H. Entering an Order that Cloudflare shall have and recover from Blackbird any and all such other and further relief, general and special, at law or in equity, to which Cloudflare may be justly entitled.

## CLOUDFLARE'S REQUEST FOR STATEMENT OF DAMAGES

38. Pursuant to D. Del. LR 9.4(b), Cloudflare requests that Blackbird, within 14 days, furnish Cloudflare with a written statement of the amount of damages claimed. Unless required by Court order, such statement shall not be filed with the Court.

*/s/ Jeffrey T. Castellano*
Jeffrey T. Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jcastellano@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Steven Callahan
Anthony M. Garza
CHARHON CALLAHAN ROBSON
 & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
(469) 587-7242

Dated: May 11, 2017